The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gary Ivan JOHNSON,
Defendant-Appellant.

No. 83CA0124.

Colorado Court of Appeals,
Div. I.

Nov. 1, 1984.

Rehearings Denied Nov. 29, 1984.

Certiorari Denied April 15, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant appeals the judgment entered on verdicts convicting him of aggravated robbery and adjudicating him to be an habitual criminal. We affirm in part and reverse in part.

The main issue on appeal involves the habitual criminal statute and its application to defendant's sentence. At the penalty phase of the trial, the prosecution sought to prove two prior aggravated robbery convictions, one of which took place in New Mexico.

## I.

Defendant first argues that the New Mexico conviction was insufficiently proven in that the documents relating to the conviction were not duly authenticated for purposes of the habitual criminal statute. We disagree.

The habitual criminal statute requires "a duly authenticated *copy* of the record of former convictions and judgments...." Section 16–13–102, C.R.S. (1983 Cum.Supp.) (emphasis added). Thus, certified copies of public records provide proper authentication under § 16–13–102, C.R.S. (1983 Cum.Supp.) as well as under CRE 902(4) and 1005.

Defendant also argues that there must be a reciprocal attestation of the judge and the clerk on the documents. There is no such requirement. *See* § 16–13–102, C.R.S. (1983 Cum.Supp.); CRE 902(4) and CRE 1005. The documents therefore were properly admitted.

## II.

Defendant also attacks the constitutionality of the New Mexico conviction for aggravated robbery for purposes of enhancing his sentence under the habitual criminal statute. We agree that this conviction could not be used as a basis for an enhanced sentence.

A prior conviction obtained in violation of a constitutional right of the accused cannot be used in a subsequent criminal proceeding to support guilt or to enhance punishment. *Watkins v. People*, 655 P.2d 834 (Colo.1982). A conviction based on a plea of guilty must satisfy certain minimum constitutional requirements. Before a guilty plea may be accepted, an accused must be advised of the rights which he is waiving by pleading guilty: his privilege against compulsory self-incrimination; his right to trial by jury; his right to confront his accusors; his right to insist upon the prosecution's proof of guilt beyond a reasonable doubt at trial; his right to present witnesses in his own behalf through the use of compulsory process; his right to testify on his own behalf; and his right to speedy and public trial. *People v. Meyers*, 617 P.2d 808 (Colo.1980).

In claiming the constitutional invalidity of an advisement or of a prior conviction, the defendant must make a *prima facie* showing that the challenged conviction was unconstitutionally obtained. Here, defendant made such a *prima facie* showing.

He testified that he understood the plea entered in the New Mexico proceeding was a plea of not guilty by reason of insanity. On cross-examination, he further testified that the New Mexico judge had advised him of his right to go to trial and to plead not guilty, but that he was not advised of any other rights. He did admit that his plea was voluntary, but only to the extent

that it was a plea of not guilty by reason of insanity.

■ The trial court stated that it did not believe the defendant's statement regarding the nature of the plea but no mention was made as to the credibility of the balance of defendant's testimony. Defendant thus shifted the burden to the prosecution to establish by a preponderance of the evidence that his constitutional rights were protected in obtaining the conviction. *Watkins v. People, supra.*

■ The prosecutor cross-examined the defendant and produced documents which showed the New Mexico judgment, sentence, and convictions, as well as documents of the arraignment and plea. Although this evidence indicated the voluntariness of the plea, and that defendant was advised of his right to a jury trial and of maximum sentence, it gave no indication of any specific advisement to the defendant of his other constitutional rights. Hence, the prosecution failed to demonstrate that the New Mexico conviction was constitutionally valid, and the imposition of enhanced punishment for being an habitual criminal cannot stand.

Defendant's remaining issues lack merit.

The judgment is affirmed as to the conviction of aggravated robbery, and is reversed as to the adjudication of defendant as an habitual criminal. The cause is remanded with directions to vacate the sentence imposed, and to impose a new sentence consonant with this decision.

VAN CISE and TURSI, JJ., concur.