The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Khalid N. JONES, Defendant–Appellant.

No. 96CA0133.

Colorado Court of Appeals,
Div. II.

Dec. 26, 1997.

Rehearing Denied Feb. 12, 1998.

Certiorari Denied Nov. 2, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Khalid Naeem Jones, appeals the judgment of conviction entered upon jury verdicts finding him guilty of first degree aggravated motor vehicle theft, vehicular eluding, and three habitual criminal counts. We reverse the habitual criminal adjudication, affirm the judgment of conviction in all other respects, and remand for resentencing.

The evidence at trial established that defendant stole an unattended car and was seen driving it by the owner. The next day, police officers spotted the vehicle and gave chase. Defendant crashed the car, fled on foot, and was apprehended.

During the habitual criminal phase of the trial, defendant's prior convictions were proven by means of three certified mittimuses, and identity was proven by photographs and fingerprints.

The first mittimus in case 88CR2252 established that defendant had been convicted of felony theft and judgment was entered April 4, 1989.

The second mittimus in case 87CR1534 established that defendant had been convicted of second degree burglary. It did not set forth the date on which judgment of conviction originally was entered, but indicated that defendant's sentence to community corrections was revoked April 4, 1989, and that he had been sentenced to the Department of Corrections (the Department).

A third mittimus established that defendant had been convicted of attempted second degree burglary in case 87CR1535. It did not set forth the date on which judgment of conviction originally was entered, but showed that defendant's sentence to community corrections had been revoked April 4, 1989, and that he had been sentenced to the Department.

After defendant was found guilty of the substantive offenses and found to be an habitual criminal by the jury, he was sentenced to the Department for 24 years.

I.

Defendant first contends he was deprived of his right to have the jury determine every element of the habitual criminal charges. We disagree.

Defendant was charged as an habitual criminal pursuant to § 16–13–101(2), C.R.S. 1997, which states that: "Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes ... of a felony" shall be sentenced to four times the maximum of the presumptive range sentence for the class of felony of which the person is convicted.

In an habitual criminal adjudication, the prosecutor has the burden of proving beyond

a reasonable doubt that defendant has been previously convicted as alleged. Section 16–13–103(4)(b), C.R.S.1997.

Although the habitual criminal statute has been amended and now provides no right to a jury trial for that phase of the proceeding, at the time defendant was charged it provided a limited right to a jury trial to determine identity. *See* Colo. Sess. Laws 1995, ch. 129 at 467. All other questions relating to the habitual criminal statute were matters of law for the court. *See People v. Nguyen,* 899 P.2d 352 (Colo.App.1995); *People v. Hampton,* 857 P.2d 441 (Colo.App.1992) (classification of prior offense as a felony not an adjudicative fact), *aff'd on other grounds,* 876 P.2d 1236 (Colo.1994).

Thus, once the jury found beyond a reasonable doubt defendant was the person previously convicted of three prior felonies as alleged in the information, he was not entitled to have any other issues determined by the jury.

II.

Defendant next contends there is insufficient evidence in the record to establish that the three prior convictions on which his habitual criminal sentencing was based arose from separate and distinct criminal episodes. We agree defendant is subject to sentencing as an habitual offender based on only two of his predicate convictions.

A.

For a defendant to meet the criteria of an habitual criminal, the underlying felony convictions relied upon by the prosecution must be based "upon charges separately brought and tried, and arising out of separate and distinct criminal episodes." Section 16–13–101(2), C.R.S.1997.

 The requirement that the prior convictions be based on "charges separately brought and tried," does not imply that each predicate crime must be committed sequentially. *Gimmy v. People,* 645 P.2d 262, 266 (Colo.1982) (rejecting defendants' argument "that the second of the predicate crimes [must] be committed after *commission and conviction* of the first crime, the third [must]

be committed after *commission and conviction* of the second, and so on.") (original emphasis). Rather, the supreme court has held that entry of guilty pleas to multiple offenses during the same proceeding satisfies the requirement of "charges separately brought and tried" where the "predicate convictions arose from charges which, had they not been adjudicated through the entry of guilty pleas, would have been tried separately." *Gimmy v. People, supra,* 645 P.2d at 267.

However, we are unaware of any Colorado decision addressing the proof required to establish that two convictions entered on the same date as part of a single plea agreement arose "out of separate and distinct criminal episodes" within the meaning of § 16–13–101(2).

 In determining the quantum of proof required to show separate and distinct criminal episodes in an habitual criminal proceeding, we conclude that "criminal episode" should be given the same meaning as under the mandatory joinder statute. *See* § 18–1–408(2), C.R.S.1997 (multiple offenses committed within a single jurisdiction must be joined in a single prosecution "if they are based on the same act or series of acts arising from the same criminal episode"); *see also* Crim. P. 8(a).

Otherwise, a defendant convicted of multiple offenses that were subject to mandatory joinder, upon sustaining one more conviction, could be prosecuted as an habitual criminal. Such a result would be inconsistent with the General Assembly's intent to reserve habitual criminal sentencing for serious recidivists. *See De Gesualdo v. People,* 147 Colo. 426, 364 P.2d 374 (1961) (habitual criminal statute is in derogation of the common law and must be strictly construed).

For the purposes of joinder, the supreme court has stated:

"[A] series of acts arising from the same criminal episode" would include physical acts that are committed simultaneously or in close sequence, that occur in the same place or closely related places, and that form part of a schematic whole.

*Jeffrey v. District Court,* 626 P.2d 631, 639 (Colo.1981). *See also People v. Miranda,* 754 P.2d 377 (Colo.1988) (whether several criminal acts arise from "same criminal episode" under compulsory joinder rule depends on underlying facts on which the offenses are based).

### B.

■ Here, the only evidence in the record concerning the convictions in 87CR1534 and 87CR1535 consists of the mittimuses from April 4, 1989, a transcript from the resentencing hearing on that date, and a transcript of the providency hearing conducted in both cases on November 30, 1987. The mittimuses and the resentencing transcript contain no information about the underlying convictions and the trial court made no factual findings in this regard.

The transcript of the providency hearing reveals only that: (1) the charges in 87CR1535 were based on a burglary of a Denver residence committed by defendant and an accomplice on the night of June 10, 1987; (2) the charges in 87CR1534 were based on the burglary of a Denver residence committed by defendant and the same accomplice on June 11, 1987; (3) the second burglary was in the same neighborhood; and (4) when charges were filed, the two cases were assigned sequential case numbers and were resolved together as part of a single plea agreement.

No evidence in the record established how much time elapsed between the two burglaries. It is entirely possible that the two burglaries were separate and distinct crimes. However, given the temporal and physical proximity of the two burglaries, it is also plausible that the first burglary was committed shortly before midnight on June 10th, followed by the second burglary minutes later on the 11th, under which circumstances the charges would have been subject to mandatory joinder as part of a single crime spree. *See People v. Trujillo,* 860 P.2d 542 (Colo.App.1992) (defendant convicted in one trial of charges involving the robbery of five convenience stores and a motel over the course of a month); *People v. Rice,* 40 Colo. App. 357, 579 P.2d 647 (1978) (defendant convicted in one trial of numerous separate crimes committed during a thirty-six hour crime spree).

It was the People's burden at trial to prove beyond a reasonable doubt every element necessary for the habitual offender sentence, including the fact that defendant's convictions were separate and distinct. Because they failed to do so here, we conclude that defendant's sentence pursuant to § 16–13–101(2) must be vacated.

### C.

■ Although we have concluded there was insufficient proof that defendant's convictions in 87CR1534 and 87CR1535 arose from separate and distinct criminal episodes, it is nevertheless undisputed that these two convictions were separate and distinct from the defendant's prior conviction in 88CR2252.

Therefore, because the record indisputably establishes that defendant has two separate and distinct prior felony convictions for purposes of habitual criminal sentencing, we further conclude that he may be resentenced under § 16–13–101(1.5), C.R.S.1997, the lesser of the habitual criminal sentencing statutes. It provides that a defendant "convicted in this state of any class ... 4, or 5 felony who, within ten years of the date of the commission of the said offense, has been twice previously convicted upon charges separately brought and tried, and arising out of separate and distinct criminal episodes" shall be sentenced as an habitual criminal to three times the maximum presumptive range sentence for the class of felony of which defendant is convicted. *Cf. People v. Drake,* 785 P.2d 1257, 1276 (Colo.1990) (Lohr, J., concurring in part and dissenting in part) (where one of defendant's three prior convictions was constitutionally infirm, court may vacate defendant's "big" habitual criminal sentence and remand for resentencing under the "little" habitual criminal statute).

In so holding, we recognize that defendant could not be resentenced under § 16–13–101(1.5), unless there also is sufficient proof in the record showing that his two prior felony convictions entered within ten years of the date of the commission of the substantive

offense for which he was convicted at trial. There is such proof here.

The trial court specifically found the three mittimuses were reliable evidence proving when defendant's prior convictions entered. These mittimuses also show that the prior convictions occurred within ten years of the 1995 predicate offenses, and that none of defendant's convictions entered before 1987.

Hence, we conclude that two of defendant's prior convictions can be used for purposes of resentencing under § 16–13–101(1.5).

## III.

Defendant next contends the jury instructions constructively amended the information by specifying a date different from that in the information. He also maintains the prosecution failed to present sufficient evidence establishing the dates of his prior convictions. We reject both contentions.

■ The information charged that defendant was sentenced on April 4, 1989, for all three habitual criminal counts. This was the date when his community corrections sentences were revoked. At trial, however, the jury was instructed that defendant had been convicted of theft on April 4, 1989, but that he had been convicted of second degree burglary and attempted second degree burglary on an earlier date, January 20, 1988. These two different dates also were used in the instructions explaining the elements of the three habitual criminal counts.

Despite this discrepancy in the dates, defendant did not object to the instructions on that basis. Nor has he shown any prejudice resulting from the fact that the information incorrectly indicated the judgment on his convictions in 87CR1534 and 87CR1535 had been entered on April 4, 1989. Further, defendant was not entitled to have the date of his prior convictions determined by the jury because it was a question of law. *See People v. Nguyen, supra.*

Accordingly, we conclude that the use of a different date in the jury instructions was harmless and did not amount to a constructive amendment. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996) (no constructive amendment occurs unless the proof at trial changes an essential element of the charged offense and thereby alters the substance of the charging instrument so as to prejudice the substantial rights of the defendant on the merits).

■ We further conclude that, because the two habitual criminal counts of the information correctly specified the case numbers, they sufficiently advised defendant of the nature of the charges such that he was able to defend against them. *See People v. Joseph,* 920 P.2d 850 (Colo.App.1995) (defects in the form of the information which do not substantially prejudice the rights of the defendant do not render an information void and may be waived by the absence of a timely objection).

## IV.

Lastly, defendant contends his convictions must be reversed because the jury was informed twice that the case had been investigated by persons assigned to gang units. We disagree.

In closing argument following the substantive phase of the trial, the prosecutor stated that one of the police cars which had participated in the chase of defendant was a "gang car". Also, during the habitual phase of the trial, the investigator who analyzed defendant's fingerprints stated he was assigned to the gang unit. Defendant did not object either time.

■ When no contemporaneous objection to the asserted error is made at trial, appellate review is limited to determining whether the error or defect constitutes plain error. *Wilson v. People,* 743 P.2d 415 (Colo. 1987). Under that standard of review, a decision may be reversed only if, after reviewing the entire record, we can say with fair assurance the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. Kruse,* 839 P.2d 1 (Colo.1992).

■ Here, based on our review of the record, we are satisfied that the evidence of defendant's guilt was compelling and that

any prejudice resulting from the two passing references to gang investigators was slight. We therefore conclude there was no plain error. *See People v. Hughes*, 946 P.2d 509 (Colo.App.1997) (where defendant was convicted of first-degree aggravated motor vehicle theft and vehicular eluding, no abuse of discretion in denying a mistrial when a police witness identified himself as a member of the gang bureau).

The habitual criminal adjudication under § 16–13–101(2) predicated on defendant's conviction for attempted second degree burglary in case 87CR1535 is reversed. In all other respects, the judgment of conviction is affirmed and the cause is remanded with directions to resentence defendant in accordance with § 16–13–101(1.5).

CRISWELL and DAVIDSON, JJ., concur.