The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 16, 2019

## 2019COA73

**No. 16CA0858, *People v. Porter* — Criminal Law — Sentencing — Juveniles — Punishment for Habitual Criminals; Constitutional Law — Eighth Amendment — Cruel and Unusual Punishments**

A division of the court of appeals holds that a defendant is not
entitled to an extended proportionality review of his sentence as a
habitual criminal merely because some of his prior felony
convictions occurred when he was a juvenile.  In so holding, the
division concludes that the Supreme Court's decisions in *Miller v.
Alabama*, 567 U.S. 460 (2012); *Graham v. Florida*, 560 U.S. 48
(2010); and *Roper v. Simmons*, 543 U.S. 551 (2005), which concern
sentencing of juveniles, do not have any application in the context
of adult sentencing.

COLORADO COURT OF APPEALS     **2019COA73**

---

Court of Appeals No. 16CA0858
Gilpin County District Court No. 02CR42
Honorable Dennis Hall, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Reginald Marcus Porter,

Defendant-Appellant.

---

SENTENCE AFFIRMED

Division V
Opinion by JUDGE J. JONES
Terry and Grove, JJ., concur

Announced May 16, 2019

---

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Robert P. Borquez, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Reginald Marcus Porter, appeals both his adjudication as a habitual offender and the district court's denial of his request for an extended proportionality review of his sentence. (The court instead conducted an abbreviated review and concluded that the sentence doesn't violate the Eighth Amendment's prohibition against cruel and unusual punishment.)  Specifically, he contends that (1) because the prosecution failed to prove that his prior felony convictions didn't arise from the same criminal episode, the district court erred by adjudicating him a habitual offender; and (2) because his prior convictions occurred when he was a juvenile, the court should have conducted an extended proportionality review.  We reject both contentions and affirm the sentence.

## I.    Background

¶ 2    Defendant has been incarcerated for most of his life.  While he was still a juvenile, the People charged him in three Denver cases for two armed robberies (one with a knife and one with a lug wrench) and a sexual assault he committed in August 1988.  He agreed to have the cases transferred from juvenile court to Denver District Court, after which he took a global plea deal in which he pleaded guilty to one charge in each case and received concurrent

sentences (the longest being sixteen years) to Department of Corrections (DOC) custody.[1]

¶ 3    In 2002, just months after being released from DOC custody, defendant robbed and attempted to sexually assault a casino worker.  He then fled from the police.  A jury found him guilty of first degree burglary, aggravated robbery, attempted sexual assault, theft, and vehicular eluding.  The district court adjudicated him a habitual offender.

¶ 4    Years later, after a couple of appeals, a new trial, convictions on the same charges as before, and dismissal of the habitual counts, the Colorado Supreme Court remanded this case to the district court for reinstatement of defendant's habitual counts.[2]

---

[1] Because the cases were transferred to district court, defendant was sentenced as an adult and would have been tried as an adult had the cases not been resolved through a plea deal.

[2] First, a division of the court of appeals reversed defendant's convictions.  After a second trial, this time to the bench, the court found him guilty on the same charges as before.  Defendant moved to dismiss the habitual counts on double jeopardy grounds.  The district court granted his motion, and a division of the court of appeals reluctantly affirmed.  *People v. Porter*, 2013 COA 130, ¶¶ 29, 43.  But the supreme court reversed the division's decision and remanded the case for reinstatement of the habitual counts.  *See People v. Porter*, 2015 CO 34, ¶ 30.

The district court held a habitual offender hearing at which the prosecution presented evidence that defendant had three prior felony convictions — the three charges he had pleaded guilty to as a juvenile — and argued that the convictions were based on separate, unconnected conduct that occurred on different days. The court agreed with the prosecution that defendant's three prior felony convictions weren't part of the same criminal episode, adjudicated defendant a habitual offender, and sentenced him to a total of 112 years to life.[3]

¶ 5     Noting the length of his sentence and the fact that his prior felony convictions were from when he was a juvenile, defendant asked for an extended proportionality review. The court conducted an abbreviated review, ruled that an extended review wasn't necessary, and determined that defendant's sentences are constitutional under the Eighth Amendment.

---

[3] The court sentenced defendant to forty-eight years on count 2 (burglary), sixty-four years on count 3 (aggravated robbery), forty-eight years to life on count 4 (attempted sexual assault), twenty-four years on count 8 (theft), and twelve years on count 9 (vehicular eluding). The sentences run concurrently except for the forty-eight years to life on count 4.

## II. Discussion

### A. Habitual Criminal Status

¶ 6    First, defendant contends that the district court erred by adjudicating him a habitual offender because the prosecution didn't prove beyond a reasonable doubt that his three juvenile felony convictions arose out of separate and distinct criminal episodes. We aren't persuaded.

¶ 7    Because defendant challenges the sufficiency of the evidence, we review the record to determine "whether the evidence, viewed as a whole, and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt." *People v. Copeland*, 976 P.2d 334, 341 (Colo. App. 1998), *aff'd*, 2 P.3d 1283 (Colo. 2000).

¶ 8    A court shall adjudicate a defendant a habitual offender if the defendant is convicted of a felony and has "been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony [or a crime which, if committed in Colorado, would be a felony]." § 18-1.3-801(2)(a)(I), C.R.S. 2018.

4

The prosecution must prove the defendant's prior convictions beyond a reasonable doubt. *People v. Nunn*, 148 P.3d 222, 225 (Colo. App. 2006).

¶ 9     The term "criminal episode" has the same meaning for habitual offender laws as it does under the compulsory joinder statute. *People v. Jones*, 967 P.2d 166, 169 (Colo. App. 1997). Crimes that stem from the same criminal episode include "physical acts that are committed simultaneously or in close sequence, that occur in the same place or closely related places, and that form part of a schematic whole." *Id.* (quoting *Jeffrey v. Dist. Court*, 626 P.2d 631, 639 (Colo. 1981)). Charges that must be prosecuted in a single case under the compulsory joinder statute, section 18-1-408(2), C.R.S. 2018, can't qualify as separate convictions for habitual offender purposes. *See Jones*, 967 P.2d at 169 (allowing a defendant to be prosecuted as a habitual offender for offenses that were subject to mandatory joinder would be "inconsistent with the General Assembly's intent to reserve habitual criminal sentencing for serious recidivists").

¶ 10    The district court adjudicated defendant a habitual offender because of his three juvenile felony convictions, finding that they

didn't arise from the same criminal episode. The evidence supports this finding. Each conviction stemmed from a crime defendant committed in a different location, with a different victim, and at least six days apart from the other crimes (August 5, August 20, and August 26, 1988). The first conviction was for sexual assault; the second two were for armed robberies. Aside from their violent nature, nothing connected the offenses or suggested that they were part of the same schematic whole.

¶ 11 Defendant points us to several cases in which the criminal charges were consolidated in the same criminal case even though the conduct that led to each was separated by time, physical distance, or type of crime. *See, e.g.*, *Brown v. Dist. Court*, 197 Colo. 219, 222, 591 P.2d 99, 101 (1979); *People v. Trujillo*, 860 P.2d 542, 544 (Colo. App. 1992); *People v. Rice*, 40 Colo. App. 357, 579 P.2d 647 (1978). But some (perhaps all) of those cases involved permissive joinder under Crim. P. 8(a) or discretionary consolidation under Crim. P. 13. And, of course, each case turned on its facts. None is so clearly analogous to this case as to undermine the district court's conclusion that defendant's crimes weren't part of the same criminal episode. *Cf. Marquez v. People,*

2013 CO 58, ¶ 20 (record didn't support a conclusion that two crimes arose from the same criminal episode where they occurred twelve hours apart, the defendant used different weapons, there were two different victims, and they occurred at different locations).

### B.    Extended Proportionality Review

¶ 12    Next, defendant contends that because he was a juvenile at the time of his prior convictions, and because juveniles are treated differently for sentencing purposes in certain respects, he was entitled to an extended proportionality review of his sentence. Again, we aren't persuaded.

¶ 13    We review a district court's decision not to conduct an extended proportionality review de novo. *See People v. McNally*, 143 P.3d 1062, 1064 (Colo. App. 2005).

¶ 14    The Eighth Amendment's prohibition against cruel and unusual punishment requires that sentences not be "grossly disproportionate" to their underlying crimes. *Ewing v. California*, 538 U.S. 11, 23-24 (2003); *People v. Deroulet*, 48 P.3d 520, 524 (Colo. 2002). The Colorado Supreme Court has held that, to ensure that there isn't a gross disproportionality, a defendant is entitled to an abbreviated proportionality review of his habitual offender

sentence if he so requests.  *See Deroulet*, 48 P.3d at 522.  If, and only if, that review "gives rise to an inference of gross disproportionality does a reviewing court need to engage in an extended proportionality review."  *Close v. People*, 48 P.3d 528, 536 (Colo. 2002).[4]  And an extended review is almost never required when the underlying crimes supporting a habitual offender sentence include "grave or serious" offenses.  *Id.* at 537; *People v. Gaskins*, 825 P.2d 30, 36 (Colo. 1992).[5]

¶ 15    Defendant concedes that, because his underlying offenses were per se grave or serious, a person sentenced for such offenses wouldn't ordinarily be entitled to an extended proportionality review.  But he argues that he is entitled to one because he was a juvenile at the time of his prior convictions.  To support this argument, he cites Supreme Court decisions holding that juveniles are different from adults and, in certain contexts, must be treated

---

[4] This procedure closely follows Supreme Court precedent on the same issue.  *People v. Deroulet*, 48 P.3d 520, 524 (Colo. 2002); *see, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957 (1991).

[5] The Colorado Supreme Court has held that certain crimes are "per se" grave or serious.  These include aggravated robbery, robbery, and burglary.  *See People v. Gaskins*, 825 P.2d 30, 37 (Colo. 1992).

differently for sentencing purposes. *See, e.g., Graham v. Florida,* 560 U.S. 48 (2010) (sentencing any juvenile who hasn't committed homicide to life without parole violates the Eighth Amendment); *Roper v. Simmons,* 543 U.S. 551, 578 (2005) (execution of a criminal defendant who was under eighteen when he committed a capital crime is prohibited by the Eighth and Fourteenth Amendments); *see also Miller v. Alabama,* 567 U.S. 460, 479 (2010) (the Eighth Amendment forbids sentencing schemes that mandate life in prison without parole for juvenile offenders).

¶ 16    Though Colorado appellate courts haven't yet addressed this argument, federal circuit courts and several other state courts have. The Eleventh Circuit, for example, rejected a very similar challenge. After a jury found a defendant guilty of several drug-related felonies, the district court imposed a mandatory life sentence because of the defendant's two prior juvenile felony drug convictions. *United States v. Hoffman,* 710 F.3d 1228, 1230-31 (11th Cir. 2013); *see* 21 U.S.C. § 841(b)(1)(A) (2010) (requiring defendants convicted of certain drug crimes to be sentenced to life without parole if they have previously been convicted of two felony drug offenses). The defendant argued that because his prior

convictions occurred when he was a juvenile, his life sentence violated the Eighth Amendment; he cited *Roper* in support. *Hoffman*, 710 F.3d at 1232. Affirming the sentence, the Eleventh Circuit held that *Roper* is inapplicable in this context, as it concerned sentencing for juvenile crimes rather than "sentence enhancement for an adult offender." *Id.* Since the defendant was facing punishment for crimes he committed as an adult, nothing prevented the court from following the sentencing statute and imposing a mandatory life sentence based on his prior juvenile convictions. *Id.* at 1233 ("Nothing . . . suggests that an adult offender who has committed prior crimes as a juvenile should not receive a mandatory life sentence *as an adult*, after committing a further crime as an adult.").

¶ 17 Numerous other courts post-*Graham v. Florida* have employed similar reasoning to reject challenges to sentences that were enhanced because of prior juvenile convictions. *See, e.g., United States v. Orona*, 724 F.3d 1297, 1306 (10th Cir. 2013) (use of a juvenile adjudication as a predicate offense to increase the defendant's sentence didn't violate the Eighth Amendment); *United States v. Graham*, 622 F.3d 445, 462 (6th Cir. 2010) (the defendant

wasn't "a 'juvenile offender' for purposes of the punishment he received" for his latest conviction, so *Graham v. Florida* didn't apply); *United States v. Scott*, 610 F.3d 1009, 1017 (8th Cir. 2010) (rejecting a defendant's argument that the court should extend *Graham v. Florida* and *Roper* to bar consideration of prior convictions that were based on juvenile conduct); *Wilson v. State*, 521 S.W.3d 123, 127-28 (Ark. 2017) (the defendant was "being punished with an enhanced sentence for his conduct as an adult," and "a conviction imposed on a juvenile sentenced as an adult may be used as the basis for an increased penalty imposed under the habitual-offender statute"); *Commonwealth v. Lawson*, 90 A.3d 1, 6-7 (Pa. Super. Ct. 2014); *Counts v. State*, 338 P.3d 902, 906-07 (Wyo. 2014).

¶ 18     We aren't convinced by defendant's attempts to distinguish these cases.  Each is remarkably similar to this case.  Apart from asserting that *Graham v. Florida* and *Roper* call these decisions into question, defendant relies only on the faulty premise that his current sentence punishes him for his juvenile crimes.  But the Supreme Court has firmly established that enhanced sentences pursuant to recidivist sentencing statutes only punish a defendant

11

for the offense of conviction — not for the underlying prior offenses. *See United States v. Rodriquez*, 553 U.S. 377, 385 (2008).

¶ 19    In sum, these similar cases show that when an adult defendant receives an enhanced sentence because of prior felonies he committed, his age at the time of the prior felonies doesn't impact the validity of the adult sentence under the Eighth Amendment. *Graham v. Florida, Roper,* and similar cases addressing the constitutionality of juvenile sentencing simply don't apply when the defendant is being sentenced for crimes he committed as an adult.

¶ 20    It follows that a defendant's age at the time of his prior convictions doesn't impact whether he's entitled to an extended proportionality review under the Eighth Amendment and Colorado law. Regardless of whether a defendant was a juvenile at the time of his prior convictions, the reviewing court must follow the procedure outlined by the Colorado Supreme Court in *Deroulet* and *Close*.

¶ 21    Because defendant concedes that he isn't entitled to an extended proportionality review under *Deroulet* and *Close,* and since his juvenile status at the time of his prior convictions doesn't

impact his rights under the Eighth Amendment's prohibition against cruel and unusual punishment, we conclude that the district court didn't err by conducting only an abbreviated review.

### III. Conclusion

¶ 22    The sentence is affirmed.

JUDGE TERRY and JUDGE GROVE concur.