22CA1725 Peo v Porter 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1725 City and County of Denver District Court Nos. 89CR207, 89CR208 & 89CR209 Honorable Christopher J. Baumann, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Reginald M. Porter, Defendant-Appellant. ORDER AFFIRMED Division VI Opinion by JUSTICE MARTINEZ* Lipinsky and Schutz, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Andrea R. Gammell, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
 1 ¶ 1 Defendant, Reginald M. Porter, appeals the postconviction court’s denial of his Crim. P. 35(c) motion. We affirm. I. Background ¶ 2 The relevant facts giving rise to this case are set forth in the opinion resolving Porter’s appeal of the orders denying his first two Crim. P. 35(c) motions, People v. Porter, (Colo. App. No. 97CA0586, May 27, 1999) (not published pursuant to C.A.R. 35(f)) (Porter I). In 1988, the prosecution filed five separate petitions alleging that defendant, then a juvenile, had committed numerous acts which if committed by an adult would constitute felonies. The prosecution also filed five accompanying motions to transfer jurisdiction over the cases to the district court. On Tuesday, January 17, 1989, defendant appeared in juvenile court with his parents and counsel. A minute order entered that same day in each of defendant’s five cases reads as follows: “Disposition reached. Motion to transfer has been confessed by defendant. . . . Motion granted. Cases to be transferred to district court as requested. Bond continued.” On Monday, January 23, 1989, the parties appeared before a district court judge. That judge, however, refused to accept jurisdiction over the transferred cases because the minute orders were unsigned and because, in her view, they did not contain a sufficient explanation of the basis for the transfer orders. 
 2 On Tuesday, January 24, 1989, the prosecution filed felony informations in district court based on the same acts alleged in the delinquency petitions. On the face of each information the following statement was included: “Juvenile is 17 years of age. Petition was filed in juvenile ct. with motion to transfer. Juvenile waived jurisdiction. Case transferred to Denver District Ct.” A different district court judge accepted the informations as filed on that same day. On February 15, 1989, defendant appeared with counsel and pled guilty to an added count of first degree sexual assault in one case and two counts of aggravated robbery (one count in each of two other cases). In exchange, the prosecution stipulated to concurrent sentences for the two aggravated robbery convictions and moved to dismiss all remaining counts as well as all of the charges in the other two transferred cases. The trial court accepted defendant’s guilty pleas in accordance with the parties’ agreement and sentenced defendant to 16 years in the custody of the Department of Corrections on the sexual assault conviction with lesser concurrent sentences for the two aggravated robbery convictions. Porter I, No. 97CA0586, slip. op. at 1-2. ¶ 3 In 1992, Porter filed his first Crim. P. 35(c) motion, which postconviction counsel supplemented in 1995. Porter alleged ineffective assistance of plea counsel and moved to withdraw his 
 3 guilty pleas, claiming that he was improperly advised of the consequences of his pleas and had erroneously believed he would be sentenced as a juvenile. At an evidentiary hearing, the postconviction court denied the motion but permitted Porter to file a second Crim. P. 35(c) motion regarding a jurisdictional issue that was raised during the hearing. ¶ 4 In 1997, Porter’s postconviction counsel filed the second Crim. P. 35(c) motion. Porter moved to vacate his pleas and sentences, arguing that the district court “was without jurisdiction over [him]” because the juvenile cases were never properly transferred to the district court. Porter argued that the motion was not time barred under section 16-5-402, C.R.S. 2023, because he was asserting a jurisdictional claim. At a non-evidentiary hearing, postconviction counsel argued that the minute order acknowledging Porter’s confession of the motions to transfer and transferring the cases to district court did not qualify as a proper juvenile court order for transfer under section 19-2-806, C.R.S. 1989.
1 At the end of the hearing, the postconviction court denied the motion, finding that 1 Section 19-2-806 is now codified at section 19-2.5-802, C.R.S. 2023. 
 4 the minute order constituted a proper written order for transfer and consequently, the district court obtained jurisdiction. ¶ 5 Porter appealed both orders. See Porter I. The division dismissed the appeal of the order denying the 1992 motion because the time to appeal had passed. Id. at 6-7. The division affirmed the postconviction court’s denial of the 1997 motion, holding that “the dispositive question [wa]s whether th[e] minute orders [entered on January 17, 1989,] were statutorily sufficient to transfer jurisdiction to the district court.” Id. at 3-4. [There is] no merit to defendant’s claim that the juvenile court’s transfer order was deficient because the court did not conduct a transfer hearing and consider the statutory list of factors which must be considered when a juvenile court is deciding whether to grant a transfer petition. . . . . Here, defendant appeared at a juvenile court hearing and confessed the petitions to transfer, thereby essentially stipulating to the existence of factors sufficient to warrant transfer. This was sufficient to meet the procedural requirements for transfer set forth in the statute. Id. at 4-5. The mandate was issued on November 5, 1999, following the supreme court’s denial of certiorari. 
 5 ¶ 6 In 2001, Porter filed a Crim. P. 35(a) motion to correct an illegal sentence, alleging that the district court imposed a mandatory term of parole not contemplated by the sentencing statutes at the time. The postconviction court granted the motion and amended the mittimus to correct the period of parole. ¶ 7 In 2002, Porter discharged his sentence. ¶ 8 In 2004, Porter was convicted of multiple offenses in Gilpin County and was adjudicated a habitual criminal based on the 1989 convictions in this case. See People v. Porter, 2013 COA 130 (Porter II), rev’d, 2015 CO 34. Porter challenged the habitual charges, arguing that the 1989 convictions were entered without jurisdiction because the cases were not properly transferred from juvenile court. Id. at 24. The district court agreed and dismissed the habitual charges. Id. at ¶¶ 4, 24-25. A division of this court reversed the court’s decision, finding that collateral estoppel barred Porter from relitigating the jurisdictional issue that was resolved in Porter I. Porter II, ¶ 28. Nonetheless, the division found that double jeopardy barred reinstatement of the habitual charges. Id. at ¶ 29. The supreme court reversed the division’s double jeopardy decision and reinstated the habitual charges, assuming without deciding 
 6 that the division was correct in its decision regarding collateral estoppel. People v. Porter, 2015 CO 34, ¶ 30 & n.2 (Porter III). On remand, Porter was again adjudicated a habitual criminal. People v. Porter, 2019 COA 73, ¶ 4 (Porter IV). ¶ 9 In 2021, Porter filed the Crim. P. 35(c) motion at issue here and later filed a supplement to the motion. In his motions, Porter asserted that the district court lacked subject matter jurisdiction over his 1989 cases because he could not have waived the juvenile court’s jurisdiction without a transfer hearing. Postconviction counsel was appointed and filed a supplemental motion, largely adopting the arguments in Porter’s pro se motions. Counsel also asserted an ineffective assistance of counsel claim and requested a sentence reconsideration under Crim. P. 35(b). In its response, the prosecution argued that Porter’s claims were successive, time barred, and moot. ¶ 10 The postconviction court denied the motion without a hearing. The court found that (1) Porter’s jurisdictional claim was successive; (2) his ineffective assistance of counsel claim was time barred; and (3) his Crim. P. 35(b) claim was “without basis.” 
 7 II. Analysis ¶ 11 Porter contends that his jurisdictional claim is not successive because it is grounded in subject matter jurisdiction, unlike his previous jurisdictional claim, which he argues was based on the absence of personal jurisdiction. In addition, Porter contends that his ineffective assistance of counsel claim is not time barred because the time bar contains an exception for convictions entered without jurisdiction. Because we conclude that Porter’s previous claim challenged the subject matter jurisdiction of the court, we disagree with both contentions. ¶ 12 Before addressing Porter’s arguments on appeal, we note that he has abandoned the other claims in his motion by not pursuing them on appeal. See People v. Hunsaker, 2020 COA 48, ¶ 10, aff’d, 2021 CO 83. A. Standard of Review ¶ 13 We review de novo the denial of a Crim. P. 35(c) motion without a hearing. People v. Delgado, 2019 COA 55, ¶ 6. ¶ 14 A postconviction court may deny a Crim. P. 35(c) motion without a hearing “if the motion, files, and record clearly establish that the defendant is not entitled to relief; if the allegations, even if 
 8 true, don’t provide a basis for relief; or if the claims are bare and conclusory in nature and lack supporting factual allegations.” Id. at ¶ 8. B. Subject Matter Jurisdiction ¶ 15 A Crim. P. 35(c) claim that was raised and resolved, or could have been raised, in a prior appeal or postconviction proceeding must be denied as successive unless an enumerated exception applies. Crim. P. 35(c)(3)(VI)-(VII); see People v. Houser, 2020 COA 128, ¶ 15. Porter argues that his jurisdictional claim is not successive because the trial court and the court of appeals previously ruled on the issue of personal jurisdiction, and his current motion raises a claim of subject matter jurisdiction. We disagree with Porter’s characterization of his previous jurisdictional argument and the grounds on which the courts resolved it. ¶ 16 Subject matter jurisdiction concerns a court’s authority to hear and determine the particular type of case before it. People v. Sandoval, 2016 COA 57, ¶ 45. It “must be properly invoked before the district court can act . . . by the filing of a legally sufficient complaint, information, or indictment.” People v. Sims, 2019 COA 66, ¶ 15. “By contrast, personal jurisdiction involves a court’s 
 9 authority over a particular individual” and is conferred by a defendant’s physical presence in court. Sandoval, ¶ 46. ¶ 17 There has never been a dispute over Porter’s physical presence in court, and therefore no dispute over personal jurisdiction. Rather, Porter has always argued that the district court lacked authority to enter the judgment of conviction because his cases were not properly transferred from juvenile court. This is an issue of subject matter jurisdiction. See id. at ¶¶ 56-57 (“[T]he Denver Juvenile Court’s authority to entertain [a] defendant’s case and the Denver District Court’s lack of authority to do so is not a question of personal jurisdiction” but rather one of subject matter jurisdiction.). Although the 1997 motion generally stated that the district court “was without jurisdiction over Mr. Porter,” Porter specifically argued in such motion that the district court lacked authority to hear Porter’s cases because the transfer from juvenile court to district court was procedurally defective. Despite Porter’s assertion to the contrary, the division in Porter I did not distinguish between personal and subject matter jurisdiction in its analysis. Nonetheless, the division could not have considered personal jurisdiction when there was no dispute that Porter was brought 
 10 before the district court, which alone is sufficient to confer personal jurisdiction. See id. at ¶ 54 (concluding that the district court’s subject matter jurisdiction was at issue based, in part, on the finding that “this is not a case where the Denver District Court lacked jurisdiction over defendant’s person — there is no dispute that he was brought before the court”). ¶ 18 Because Porter argued in his original postconviction claim that the court lacked subject matter jurisdiction to enter the 1989 convictions, and the division resolved that issue in Porter I, his latest postconviction claim regarding subject matter jurisdiction is successive. C. Ineffective Assistance of Counsel ¶ 19 Crim. P. 35(c) claims are subject to section 16-5-402, which provides that, in all cases involving felony offenses other than class 1 felonies, a collateral attack must be brought within three years of the date of conviction. § 16-5-402(1). A defendant may only pursue a Crim. P. 35(c) motion outside the three-year period if a statutory exception applies. § 16-5-402(2). One such exception is when “the court entering judgment of conviction . . . did not have jurisdiction over the subject matter of the alleged offense.” § 16-5-402(2)(a). 
 11 ¶ 20 If the defendant did not file a direct appeal of the judgment — as is the case here — “a conviction occurs when the trial court enters judgment and sentence is imposed.” People v. Collier, 151 P.3d 668, 671 (Colo. App. 2006). Porter was originally sentenced on April 6, 1989, which permitted him to file Crim. P. 35(c) claims on or before April 6, 1992. Porter argues this period was tolled because his Crim. P. 35(a) motion was granted on January 29, 2001. But even assuming that it was, and his new deadline was January 29, 2004, he filed the current motion in March 2021, more than seventeen years too late. Porter contends that he is exempted from this deadline based on his first claim that the court lacked jurisdiction to enter his 1989 convictions. Because we have affirmed the denial of that claim, Porter’s argument for an exception to the time bar fails. ¶ 21 We therefore conclude that Porter’s ineffective assistance claim is time barred. III. Disposition ¶ 22 The order is affirmed. JUDGE LIPINSKY and JUDGE SCHUTZ concur.