**Susan L. RICHARDSON, on Behalf of Herself and All Others Similarly Situated, Petitioner,**

v.

**CITIBANK (SOUTH DAKOTA), N.A., Respondent.**

**No. 94SC670.**

Supreme Court of Colorado,
En Banc.

Dec. 18, 1995.

Bader & Villanueva, P.C., Gerald L. Bader, Jr., Jeffrey M. Villanueva, Renee B. Taylor, Denver, Chimicles, Jacobsen & Tikellis, Michael D. Donovan, Pamela P. Bond, Haverford, PA, for Petitioner.

Davis, Graham & Stubbs, L.L.C., William A. Bianco, Richard A. Westfall, Randall Weeks, Denver, Wilmer, Cutler & Pickering, Louis R. Cohen, Ronald J. Greene, Christopher R. Lipsett, Charles A. Mendels, Craig M. Blackwell, Washington, DC, for Respondent.

James K. Kreutz & Associates, P.C., James K. Kreutz, Englewood, for Amici Curiae Consumer Action, Trial Lawyers for Public Justice, P.C., Bankcard Holders of

America, Inc. and the States of Hawaii, Iowa, Maryland, Massachusetts, Pennsylvania, Vermont and Wisconsin.

United States Attorney's Office, Linda A. Surbaugh, Denver, Office of Comptroller of Currency, Julie L. Williams, L. Robert Griffin, Horace G. Sneed, Washington, DC, for Amicus Curiae Office of the Comptroller of the Currency.

Randal F. Komisarek, Denver, for Amicus Curiae Rocky Mountain Bankcard System, Inc.

Senn, Lewis, Visciano & Strahle, P.C., Frank W. Visciano, Mark A. Senn, Denver, for Amicus Curiae AFBA Industrial Bank.

Rothgerber, Appel, Powers & Johnson, Andrew P. McCallin, Denver, for Amici Curiae Independent Bankers Association of America and IBAA Bancard, Inc.

Dean S. Neuwirth, Denver, for Amicus Curiae VISA U.S.A., Inc. and MasterCard International, Inc.

Hogan & Hartson, Craig A. Umbaugh, Denver, for Amici Curiae Colorado Bankers Association, American Bankers Association, American Financial Services Association, and Consumer Bankers Association.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Denver, for Amicus Curiae State of Colorado.

McKenna & Cuneo, Daniel S. Hoffman, I. Thomas Bieging, Denver, for Amici Curiae the States of Arizona, Delaware, Louisiana, Nevada, Ohio, South Dakota and Utah.

Opinion by Justice MULLARKEY.

We granted certiorari pursuant to C.A.R. 50 to review the district court's decision in *Richardson v. Citibank (South Dakota), N.A.*, No. 92CV1460 (Colo.Dist.Ct. Mar. 21, 1994). The district court granted summary judgment in favor of Citibank (South Dakota), N.A. (Citibank), holding that section 85 of the National Bank Act (NBA), 12 U.S.C.

section 85 (1982), preempts section 5–3–203(5)(a) of the Colorado Uniform Consumer Credit Code (UCCC), section 5–3–203(5)(a), 2 C.R.S. (1992). The district court allowed a national bank located in South Dakota to charge a fifteen dollar late payment fee in addition to a finance charge to the credit card accounts of its Colorado customers. Susan L. Richardson (Richardson) and Citibank jointly petitioned, pursuant to C.A.R. 50, for a writ of certiorari to review this case before judgment by the court of appeals. We affirm the judgment of the district court, but we base our decision on different grounds.

The respondent, Citibank, is a national bank located in South Dakota which issues VISA and MasterCard credit cards. The petitioner, Richardson, a Colorado resident, became a Citibank VISA credit card member. When Richardson failed to make a minimum monthly payment, Citibank assessed her VISA credit card account a fifteen dollar late payment fee. Richardson initiated this class action, on behalf of herself and all others similarly situated, alleging that Citibank's imposition of a late payment fee violated section 5–3–203(5)(a) of the UCCC, section 5–3–203(5)(a), 2 C.R.S. (1992). Citibank contends that section 85 of the NBA, 12 U.S.C. section 85 (1982), preempts the Colorado consumer protection law.

*Copeland v. MBNA Am. Bank, N.A.*, 907 P.2d 87 (Colo.1995), is dispositive of the issue in this case. There, this court held that, as a matter of federal law, a late payment fee imposed on a customer's credit card account is a form of "interest" under section 85 of the NBA, 12 U.S.C. section 85 (1982).[1] This court held that federal law authorized a national bank located in Delaware to assess a fifteen dollar late payment fee, allowed under Delaware law, to the credit card account of a Colorado resident despite the fact that a Colorado consumer protection law prohibited such fees.

Accordingly, applying that decision to *Richardson*, we conclude that because Citibank is a national bank located in South Dakota, and South Dakota law permits the

---

1. Since we decided *Copeland*, the New Jersey Supreme Court has held that late payment fees are not "interest" within the intent and purpose of section 85 of the National Bank Act. *Sherman*

*v. Citibank (South Dakota, N.A.)*, No. A–102–94, —— N.J. ——, —— A.2d —— (N.J. Nov. 28, 1995). Although we acknowledge this recent decision, we are not persuaded by the court's reasoning.

imposition of a late payment fee, Citibank can charge Richardson a late payment fee despite the fact that a Colorado consumer protection law prohibited such fees. Hence, we affirm the judgment of the district court.

SCOTT, J., does not participate.