2008 WY 127

**Tracy L. RINGOLSBY, Jr., and Jane E. Swanhorst, Appellants (Plaintiffs),**

v.

**Dallas C. JOHNSON, Arla Johnson, Dalmac Construction, Incorporated, Dalmac Homes, Incorporated, AAA Lazy D. Land Company, LLC, and AAA Lazy D. Enterprises, Incorporated, Appellees (Defendants).**

No. S–08–0022.

Supreme Court of Wyoming.

Oct. 15, 2008.

Representing Appellants: John B. "Jack" Speight and Robert T. McCue of Speight, McCue & Associates, Cheyenne, Wyoming.

Representing Appellees: James R. Salisbury and Don W. Riske of Riske, Salisbury & Kelly, P.C., Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, and KITE, JJ, and CRANFILL, D.J.

CRANFILL, District Judge.

[¶ 1]   Appellants Tracy L. Ringolsby and Jane E. Swanhorst appeal from the district court's order denying their claim for attorneys' fees. We conclude that Appellants are not entitled to attorneys' fees due to a failure of proof. We affirm.

## ISSUES

[¶ 2]   Appellants presented one issue for review as follows:

Whether the trial court abused its discretion by ruling that Appellants did not meet their burden of proving the reasonableness of their attorneys' fees where Appellants submitted redacted billing statements along with an offer of in camera review to the trial court.

Appellees' brief did not contain a statement of the issue.

## FACTS

### Underlying Action

[¶ 3]   On June 10, 2005, Appellants, as plaintiffs, initiated a civil action in the Laramie County District Court captioned *Ringolsby v. Dalmac Construction, Inc.* (the "underlying action"). The underlying action was based upon contractual relationships between Appellants, as owners, and defendant Dalmac Construction, Inc., as contractor. Appellants named Dalmac Construction, Inc. as the sole defendant in the underlying action. However, it is important to note Appellee Dallas Johnson acted as President, a director and full-time employee of Dalmac Construction, Inc., and Appellee Arla Johnson acted as Vice President, Treasurer, a director, and an employee of Dalmac Construction, Inc. Appellees Dallas Johnson and Arla Johnson were the sole directors, officers, shareholders, and owners of Dalmac Construction, Inc.

[¶ 4]   The district court conducted a bench trial finding that defendant Dalmac Construction, Inc. breached various contracts, breached the implied warranty of habitability, and breached oral promises. The district court found defendant Dalmac Construction, Inc. liable for damages and awarded a total of $85,208.96, plus costs, expenses and attorneys' fees to Appellants in the underlying action on June 6, 2006.

[¶ 5]   Dalmac Construction, Inc. did not appeal the underlying action, as such an appeal required Dalmac Construction, Inc. to post an appeal bond in the amount of the judgment. The Johnsons instead decided to file bankruptcy on behalf of Dalmac Construction, Inc., in an effort to avoid paying the judgment in the underlying action.

[¶ 6]   Appellants filed their Motion for Costs, Expenses and Attorneys Fees pursuant to W.R.C.P. 54(d)(2)(b) during the time Dalmac Construction, Inc. filed for bankruptcy. In support of their motion, Appellants submitted billing statements with the descriptions of the work performed redacted, claiming such redaction was prudent and necessary to maintain attorney-client privilege since the dispute between Appellants and Dalmac Construction, Inc. was not finalized.

Appellants also stated they would submit the billing statements without the redactions for a review *in camera* if so requested by the court. Dalmac Construction, Inc. opposed using the redacted billing statements. Ultimately, the district court awarded Appellants attorneys' fees totaling $63,050.88.

### Piercing Action

[¶ 7] While their Motion for Costs, Expenses and Attorney Fees was being considered by the district court, Appellants attempted to collect their judgment against Dalmac Construction, Inc., by filing as a creditor in the bankruptcy court and by bringing the action that is the subject of this appeal, also known as the "piercing action." Appellants filed suit against Dallas Johnson, Arla Johnson, Dalmac Construction, Inc., Dalmac Homes, Inc., AAA Lazy D Land Company, LLC, and AAA Lazy D Enterprises, Inc. The piercing action was assigned to a different judge.

[¶ 8] The district court found only Dallas Johnson and Arla Johnson had invested any money or assets into AAA Lazy D Land Company, LLC or AAA Lazy D Enterprises, Inc. The district court also found that Dallas and Arla Johnson were the sole officers and shareholders of Dalmac Homes, Inc., which filed its Articles of Incorporation with the Wyoming Secretary of State on June 22, 2006, sixteen days after the district court entered its Judgment and Order in the underlying action.

[¶ 9] In the piercing action, the district court concluded, after stating very particularized Findings of Fact, that a unity of interest and ownership between Dallas Johnson, Arla Johnson, Dalmac Homes, Inc., AAA Lazy D Land Company, LLC, and AAA Lazy D Enterprises, Inc. existed. The district court found the corporate entities had been manipulated by their owners Dallas and Arla Johnson in an effort to avoid payment of a particular creditor. As such, the court awarded Appellants $148,259.84, plus statutory interest from November 8, 2006. Appellants were also awarded their costs, expenses and attorneys' fees for presenting their claims to the court.

[¶ 10] Appellants filed their Motion for Award of Costs, Expenses and Attorneys Fees, using the same redaction method as in the underlying action and again stating they would provide the statements without the redactions for an *in camera* review if so requested by the district court. In support of their motion, Appellants also submitted the affidavit of Robert T. McCue, attorney for Appellants in the piercing action, and the affidavit of Randall B. Reed, a practicing attorney from the same location as the attorney for Appellants. Both affiants stated the costs, expenses and attorneys' fees incurred were reasonable and necessary in prosecuting the matter. Appellees opposed the motion, arguing, *inter alia,* that Appellants failed to present sufficient credible evidence entitling them to an award of costs, expenses and attorneys' fees.

[¶ 11] The district court awarded no attorneys' fees to Appellants, finding Appellants failed to meet their burden of providing proof of reasonableness of the fees as they did not submit itemized billings and that Appellants improperly suggested the *in camera* review as this would give them a second chance to meet the burden of proof. Some expenses and costs were awarded by the district court, totaling $2,904.02.

### STANDARD OF REVIEW

[¶ 12] An award of attorneys' fees is reviewed under an abuse of discretion standard. *Johnston v. Stephenson,* 938 P.2d 861, 862 (Wyo.1997) (citing *State Dep't of Family Servs., Div. of Pub. Assistance & Soc. Servs. v. DDM,* 877 P.2d 259, 262 (Wyo. 1994)).

> A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances. *Goff v. Goff,* 844 P.2d 1087, 1092 (Wyo.1993). The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did. *Id.*

*Johnston,* 938 P.2d at 862.

[¶ 13] "Judicial discretion is a composite of many things, among which are con-

clusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986) (citation omitted).

## DISCUSSION

### Reasonableness of Attorneys' Fees

■ [¶ 14] Wyoming adopted the federal "lodestar" test for the determination of reasonableness of attorneys' fees in 1989. *Hinckley v. Hinckley*, 812 P.2d 907, 915 (Wyo.1991) (citing *UNC Teton Exploration Drilling, Inc. v. Peyton*, 774 P.2d 584 (Wyo. 1989)). *See Stanbury v. Larsen*, 803 P.2d 349 (Wyo.1990). In *Hinckley*, this Court stated:

> The lodestar test requires that two factors be considered: (1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether other factors of discretionary application should be considered to adjust the fee either upward or downward. *UNC Teton*, 774 P.2d at 595. The party who is seeking an award of fees has the burden of providing proof of the reasonableness of his fee. *See Miles v. CEC Homes, Inc.*, 753 P.2d 1021 (Wyo.1988); *Jones Land & Livestock v. Federal Land Bank*, 733 P.2d 258 (Wyo. 1987). In order to meet that burden of proof, the claimant must present not only an itemized billing reflecting the time and the rate, but there must be evidence demonstrating that the fee was reasonable. *UNC Teton.*

*Hinckley*, 812 P.2d at 915.

[¶ 15] The Wyoming Legislature also addressed attorneys' fees by enacting Wyo. Stat. Ann. § 1–14–126(b) (LexisNexis 2007), which lists factors a trial court may consider when exercising its discretion in awarding attorneys' fees. Such factors include:

(i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;

(iii) The fee customarily charged in the locality for similar legal services;

(iv) The amount involved and the results obtained;

(v) The time limitations imposed by the client or by the circumstances;

(vi) The nature and length of the professional relationship with the client;

(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and

(viii) Whether the fee is fixed or contingent.

*Id.*

[¶ 16] Appellants argue the trial court abused its discretion in denying the attorneys' fees, claiming the redacted billing statements satisfy the first prong of the lodestar test and the requirement of submission of itemized billing reflecting the time and the rate simply because "they were broken down to show the hours spent by each attorney and the amount charged per hour by attorney." Appellants also argue the affidavit of Randall B. Reed supports the reasonableness of the fees as his affidavit was based on a review of the unredacted billing statements. Mr. Reed's affidavit merely states the attorney hourly charges are reasonable and that the "time spent for the services rendered . . . in prosecuting this matter is reasonable for this type of work under the circumstance."

[¶ 17] Appellees rely on this Court's decision in *Jones Land & Livestock Co. v. Federal Land Bank of Omaha*, 733 P.2d 258 (1987), to argue the redacted billing statements do not provide evidence of the reasonableness of the attorneys' fees. In *Jones*, no billing statements were submitted to prove reasonableness of attorneys' fees. *Id.* at 262. Rather affidavits, with attachments thereto, were submitted. *Id.* at 265. This Court found the affidavits and attachments relating to the attorneys' fees "show[ed] an itemization of *the nature of the service performed*, the time expended, and the hourly fee customarily charged for such service." *Id.* (emphasis added).

[¶ 18] Appellants made no such showing of the nature of the services performed in the

instant case. In looking at the redacted billing statements, the district court had no way of ascertaining the nature of the services performed, and thus the reasonableness of such services. Nor did Mr. Reed's affidavit contain enough explanation to provide a sufficient basis to determine the reasonableness of the fees. Therefore, Appellants' argument that the first prong of the lodestar has been satisfied fails.

**Failure to Meet Burden of Proof**

[¶ 19] In denying Appellants attorneys' fees in the piercing action, the trial court held:

5. Plaintiffs improperly suggested that "if the Court would like to review the statements without the descriptions redacted" they would submit them for in-camera inspection. This suggestion amounts to a request that the Court first determine whether Plaintiffs met their burden of proof, and then give the Plaintiffs a second chance to meet the burden of proof.

6. The Wyoming Supreme Court has specifically rejected such attempts to prove reasonable attorney fees after once failing to do so. "(I)f a party has had an opportunity to present proof of attorney fees to the trial court, and they fail to do so, the award will be summarily reversed on appeal with no remand. A party will not be allowed 'another bite of the apple' in order to prove an element of their claim." *Pekas v. Thompson,* [903 P.2d 532, 537 (Wyo. 1995)].

[¶ 20] Appellants argue the trial court discounted the circumstances surrounding the manner of submission of the attorneys' fees and as such the trial court abused its discretion when it determined Appellants were seeking a second chance to meet their burden of proof. In other words, Appellants claim equities favor them. In support of this argument, Appellants note that in the underlying action, they submitted redacted statements, just as they did in the piercing action, and were awarded attorneys' fees. They also argue that the redaction would not have been necessary if Dallas and Arla Johnson had not tried to evade paying the original judgment. This Court disagrees.

[¶ 21] While a trial court is granted broad discretion to determine the amount of an award of attorneys' fees, Wyoming case law is clear on this point. Once a party is given an opportunity to present sufficient evidence of attorneys' fees and fails to do so, the party will not be given another chance. *Pekas v. Thompson,* 903 P.2d 532, 537 (Wyo. 1995). Appellants had an opportunity to present proof of attorneys' fees to the trial court. Rather than doing so in a sufficient manner, Appellants chose to present deficient support and then placed the burden on the trial court to request further proof. Appellants could have reworded the task descriptions on the billing statements in such a manner that attorney-client privilege would not be waived rather than submitting redacted statements.

[¶ 22] "A remand to allow additional proof on attorney fees will be allowed *only* in those instances where a party was denied an opportunity to make proof in the proceeding below." *Pekas,* 903 P.2d at 537 (emphasis added). A remand in this situation is not allowable as Appellants had their opportunity to present proof and failed to do so.

**CONCLUSION**

[¶ 23] The district court did not abuse its discretion by ruling that Appellants did not meet their burden of proof in establishing the reasonableness of their attorneys' fees by submitting redacted billing statements along with an offer of *in camera* review to the trial court. Appellants did not prove their attorneys' fees in conformity with the requirements of our precedent. Affirmed.