2009 WY 68

**John Michael SIMMONS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–08–0223.

Supreme Court of Wyoming.

May 28, 2009.

Representing Appellant: Pro se.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1] John Michael Simmons entered guilty pleas on separate charges in Wyoming and Nevada. The Wyoming court imposed a sentence which it suspended in favor of supervised probation. The Nevada court imposed a prison sentence which Mr. Simmons served until the authorities released him on parole.

[¶2] After his release from prison in Nevada, Mr. Simmons returned to Wyoming where he was still on probation. Two years later, the Wyoming court revoked his probation and reinstated the original sentence. The district court awarded credit for time served related to the probation revocation proceedings, but did not award credit for the time Mr. Simmons spent in prison in Nevada. Mr. Simmons filed a motion seeking credit for that time; the district court denied the motion; and Mr. Simmons filed a *pro se* appeal in this Court. We affirm.

### ISSUES

[¶3] Mr. Simmons states four issues for this Court's consideration all of which focus on the question of whether he was entitled to credit against his Wyoming sentence for time he served in Nevada.

### FACTS

[¶4] In 2004, Mr. Simmons pled guilty in Wyoming to one count of indecent liberties with a minor in violation of Wyo. Stat. Ann. § 14–3–104 (LexisNexis 2003). The district court sentenced him to a term of 36 to 60 months in the state penitentiary with credit for the 120 days he had served while awaiting disposition of the charge. The district court suspended the sentence and placed Mr. Simmons on probation for three years.

[¶5] A month later, Mr. Simmons pled guilty to a felony driving under the influence charge in Nevada and a Nevada court sentenced him to 38 months incarceration with eligibility for parole after 15 months and credit for 142 days served. The Nevada court ordered the sentence to run concurrently with any sentence Mr. Simmons was currently serving. Mr. Simmons served his sentence in Nevada while he was on probation in Wyoming.

[¶6] In 2005, the Nevada authorities released Mr. Simmons and placed him on parole. He returned to Wyoming where he continued to be on probation. Over the next two years, the State filed five petitions to revoke his probation for allegedly violating the condition requiring him to abstain from alcohol use. Of the first four petitions, the district court denied one on the grounds of insufficient evidence and granted three but continued Mr. Simmons' probation. In July of 2007, after the State filed its fifth revocation petition, the district court revoked Mr. Simmons' probation and reinstated the original sentence of 36 to 60 months with credit for 371 days served during the revocation proceedings.

### STANDARD OF REVIEW

 [¶7] A sentence that does not include proper credit for pre-sentence confinement is illegal. *Beyer v. State*, 2008 WY 137, ¶7, 196 P.3d 777, 780 (Wyo.2008). Whether a sentence is illegal is a question of law, which we review *de novo*. *Id.*

### DISCUSSION

 [¶8] Mr. Simmons asserts that he was entitled to credit against his Wyoming sentence for the time he was incarcerated in Nevada. He relies on language from the Nevada order stating that his sentence in that state was to be served concurrently to

any other sentence he was then serving. He argues that while he was in prison in Nevada, he was also on probation in Wyoming and so, upon revocation of his probation, the Wyoming court was required to count his time in the Nevada prison against his sentence in Wyoming.

[¶ 9] The State responds that Mr. Simmons was not entitled to credit in Wyoming for time he served for an unrelated offense in a different jurisdiction. The State notes that when credit is awarded, it is awarded for time attributable to the underlying criminal offense, and not to some unrelated offense. The State contends the district court properly denied Mr. Simmons' motion for credit for time served in Nevada.

[¶ 10] A defendant is entitled to credit against both the minimum and maximum sentence for pre-sentence confinement if he was unable to post bond. *Barnes v. State*, 2008 WY 6, ¶ 29, 174 P.3d 732, 740 (Wyo.2008). A defendant is not, however, entitled to such credit when his confinement would have continued despite his ability to post bond. *Id.* A sentence that does not include proper credit for pre-sentence incarceration is illegal. *Id.* An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates the constitution or the law. *Id.*

[¶ 11] Punishment already exacted for an offense must be credited to the incarceration time occasioned by that offense. *Halbleib v. State*, 7 P.3d 45, 48 (Wyo.2000). In *Kitzke v. State*, 2004 WY 9, ¶ 11, 84 P.3d 950, 953 (Wyo.2004), the defendant was incarcerated by the State of Washington on a Washington sentence both before and after he was sentenced in Wyoming on a different offense. In determining that he was not entitled to credit against his Wyoming sentence for time he served in Washington, we said the Washington confinement was not in any way attributable to the Wyoming sentence. He would have continued to serve his Washington sentence regardless of the existence of his Wyoming sentence. "That period of confinement has absolutely nothing to do with his imposed Wyoming sentence." *Id.*

[¶ 12] Similarly, in *Jennings v. State*, 4 P.3d 915, 923 (Wyo.2000), we stated that the defendant was entitled to credit for time served in Washington if he was being held solely because of his financial inability to post bond on the Wyoming charge; however, he was not entitled to credit for time served in Washington if he would have remained in custody regardless of his ability to post bond on the Wyoming charge. Because the record established that a portion of his Washington confinement was due solely to an unrelated Washington offense, we held the defendant was not entitled to credit on the Wyoming sentence for the time served in Washington. However, the record also established that the defendant was confined in Washington for a time due solely to the Wyoming charge. We held that he was entitled to credit against his Wyoming sentence for that time.

[¶ 13] Mr. Simmons was incarcerated in Nevada solely because of the offense he committed in Nevada. He would have remained in prison in that state regardless of any offense committed in Wyoming. The district court properly denied him credit against his Wyoming sentence for the time he served in Nevada.

[¶ 14] Affirmed.