**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DEMARIO F. EDWARDS,
*Defendant-Appellant*.

No. 12-10204

D.C. No.
2:11-cr-00357-
LDG-PAL-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted June 14, 2013[*]
Submission Withdrawn
Resubmitted August 8, 2013
San Francisco, California

Filed August 15, 2013

Before: Mary M. Schroeder, Kenneth F. Ripple,[**]
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Schroeder

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

## SUMMARY[***]

### Criminal Law

The panel vacated a sentence and remanded for resentencing without any enhancement for a prior "crime of violence" conviction.

Rejecting the defendant's challenge to the constitutionality of U.S.S.G. § 4A1.2(d)(2)(A), which assigns criminal history points for crimes committed when the defendant was a juvenile, the panel held that the Eighth Amendment permits courts to use prior juvenile convictions to increase the sentence of an adult convicted of a crime.

The panel noted the government's concession that the Nevada attempted burglary statute, Nev. Rev. Stat. § 205.060, is not a divisible statute and that the modified categorical approach is therefore inapplicable under *Descamps v. United States*, 133 S. Ct. 2276 (2013). Observing that the government has never contended in this litigation that the burglary statute is categorically a crime of violence under U.S.S.G. § 4B1.2, the panel vacated the crime-of-violence enhancement under U.S.S.G. § 2K2.1(a)(4)(A).

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Chad A. Bowers, Las Vegas, Nevada, for Defendant-Appellant.

Daniel G. Bogden, United States Attorney, Robert L. Ellman, Appellate Chief, Adam M. Flake, Assistant United States Attorney, District of Nevada, Las Vegas, Nevada, for Plaintiff-Appellee.

**OPINION**

SCHROEDER, Circuit Judge:

DeMario Edwards appeals his 46-month sentence following a guilty plea for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The principal issue on appeal is the constitutionality of a provision of the federal Sentencing Guidelines that assigns criminal history points for crimes that were committed when the defendant was a juvenile. U.S. Sentencing Guidelines ("U.S.S.G.") § 4A1.2(d)(2)(A). Edwards contends that considering such crimes in sentencing adults is contrary to the Supreme Court's Eighth Amendment cases limiting the degree of criminal punishment of juveniles. *See Miller v. Alabama*, 132 S. Ct. 2455 (2012); *Graham v. Florida*, 130 S. Ct. 2011 (2010); *Roper v. Simmons*, 543 U.S. 551 (2005). Joining the unanimously held view of our sister circuits, we conclude that the Eighth Amendment permits courts to use prior juvenile convictions to increase the sentence of an adult convicted of a crime.

Edwards further challenges the district court's finding that his prior conviction for attempted burglary under Nevada law was a "crime of violence" under the modified categorical approach, thereby increasing the base offense level for purposes of the Sentencing Guidelines. The district court looked beyond the elements of the Nevada burglary statute to the charging document and guilty plea to hold that Edwards's conduct, in attempting to burglarize an occupied apartment, created a risk of physical injury and was therefore a crime of violence. While this appeal was pending, however, the Supreme Court limited application of the modified categorical approach and held that courts may not use judicially noticeable documents to identify facts underlying a prior conviction. *See Descamps v. United States*, 133 S. Ct. 2276 (2013). The government concedes that the application of the modified categorical approach in this case would be contrary to *Descamps*, and it has never contended that a Nevada burglary conviction is a categorical crime of violence. We must therefore vacate and remand for resentencing without the "crime of violence" enhancement.

## BACKGROUND

In his short life, Edwards, who is now 23 years old, has accumulated a long and serious criminal history. He was twice convicted as a juvenile, at ages 14 and 16, of felony robbery with a deadly weapon. At age 17, he was convicted as a juvenile for felony possession of marijuana with the intent to sell.

Edwards has continued his criminal activity into adulthood. At age 19, he was charged with attempted burglary under Nevada law. In the charging document, the State alleged that Edwards had "willfully, unlawfully and

feloniously attempt[ed] to enter, with intent to commit larceny, that certain [apartment] building . . . occupied by [the victim]." Edwards pleaded guilty to the offense and was sentenced to 18 months probation.

While on probation for attempted burglary, parole officers found Edwards in possession of a stolen .45 caliber pistol. This led to the indictment in this case for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Edwards pleaded guilty.

In calculating criminal history, the Sentencing Guidelines impose a two-point increase for each adult or juvenile conviction before the defendant was 18 years old, that had a maximum sentence of at least 60 days and occurred within the five years preceding the commission of the crime for which the defendant is being sentenced. U.S.S.G. § 4A1.2(d)(2)(A). The pre-sentence report found that two of Edwards's juvenile convictions—robbery with a deadly weapon at age 16 and possession of marijuana with the intent to sell at age 17—met these requirements. The report further recommended that the district court find that Edwards's attempted burglary offense was a "crime of violence" as defined by U.S.S.G. § 4B1.2, resulting in a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A).

The district court sentenced Edwards to 46 months, the bottom of the Guidelines range. The court, rejecting Edwards's constitutional arguments, ruled that counting the juvenile convictions to determine criminal history was permissible. The court further held that, pursuant to the judicially noticeable documents, Edwards's Nevada attempted burglary conviction involved a risk of physical injury to the victim and was therefore a "crime of violence."

The court based its decision on Edwards's guilty plea to attempting to burglarize an occupied apartment. On appeal, Edwards challenges the assignment of criminal history points for juvenile convictions pursuant to the Sentencing Guidelines and the finding that his attempted burglary plea under Nevada law was for a "crime of violence."

## DISCUSSION

### I. Consideration of Juvenile Criminal History in Determining the Sentence for an Adult Convicted of a Crime Does Not Violate the Eighth Amendment

Edwards contends that his juvenile crimes should not have been used to calculate his criminal history score and, as a result, his sentence. He argues that the use of these adjudications is unconstitutional under the Supreme Court's recent decision in *Roper*, 543 U.S. at 569–70, where the Court struck down the application of the death penalty to individuals who committed a capital offense prior to age 18, and *Roper*'s progeny, *Graham*, 130 S. Ct. at 2034, where the Court held that a life without parole sentence for juveniles convicted of non-homicide offenses was unconstitutional, and *Miller*, 132 S. Ct. at 2475, where the Court held that statutes mandating life without parole sentences are unconstitutional as applied to juveniles.

We reject Edwards's contention and hold that these recent Eighth Amendment cases do not prevent the district court from assigning criminal history points for juvenile convictions. In so holding, we join the unanimous view of our sister circuits, which have affirmed the use of juvenile convictions to determine criminal history of adults. *See United States v. Graham*, 622 F.3d 445, 461–64 (6th Cir.

2010) (affirming use of prior juvenile drug conviction in determining sentence under 21 U.S.C. § 841(b)(1)(A)); *United States v. Scott*, 610 F.3d 1009, 1018 (8th Cir. 2010) (same); *United States v. Mays*, 466 F.3d 335, 339–40 (5th Cir. 2006) (same); *United States v. Salahuddin*, 509 F.3d 858, 863–64 (7th Cir. 2007) (upholding sentence increase under the Armed Career Criminal Act based on juvenile criminal history); *United States v. Wilks*, 464 F.3d 1240, 1242–43 (11th Cir. 2006) (same).

The Supreme Court's recent Eighth Amendment jurisprudence on criminal punishment for juvenile conduct is animated by the concern that individuals are less culpable for conduct that they engaged in as juveniles as compared with adult conduct. As the Court stated in *Roper*, "[t]he susceptibility of juveniles to immature and irresponsible behavior means their irresponsible conduct is not as morally reprehensible as that of an adult." 543 U.S. at 570 (internal quotation marks omitted). The Court was further concerned with the harshness and disproportionality of death and life without parole sentences, the elimination of the possibility of rehabilitation, and the emerging consensus against such harsh punishments for juveniles. *Miller*, 132 S. Ct. at 2465–66; *Graham*, 130 S. Ct. at 2027–30; *Roper*, 543 U.S. at 575–78.

Enhancing Edwards's sentence for adult criminal conduct because he committed crimes as a juvenile does not implicate any of these concerns. The conduct for which Edwards is being punished occurred while he was an adult, not a juvenile as in *Roper*, *Graham*, and *Miller*. His adult culpability with regard to the crime for which he is being sentenced therefore is not diminished. As the Eighth Circuit noted, *Roper* and *Graham* "established constitutional limits on certain sentences for offenses committed by juveniles"—not for

offenses committed as an adult.  *Scott*, 610 F.3d at 1018.
Moreover, the prior juvenile convictions do not serve as a
predicate for a life sentence, as has been criticized in a three-
strikes situation.  *See United States v. Graham*, 622 F.3d at
469–70 (Merritt, J., dissenting).   There has also been no
showing, like that the Court observed in *Roper*, of an
emerging national or international consensus against this type
of sentencing enhancement.  In fact, as the Fifth Circuit has
said, "at the federal level, sentences are routinely enhanced
under the sentencing guidelines based upon juvenile
convictions." *Mays*, 466 F.3d at 340.

## II. The District Court's Application of the Modified Categorical Approach to Determine that Edwards's Prior Attempted Burglary Conviction was for a "Crime of Violence" Does Not Survive *Descamps*

Under the Sentencing Guidelines, individuals convicted
of firearm offenses are subject to an enhancement to a base
offense level of 20 if they have been previously convicted of
a "crime of violence."  U.S.S.G. § 2K2.1(a).  The Guidelines
define "crime of violence" as any offense that either "has as
an element the use, attempted use, or threatened use of
physical force against the person of another" or "is burglary
of a dwelling, arson, or extortion, involves the use of
explosives, or otherwise involves conduct that presents a
serious potential risk of physical injury to another."  U.S.S.G.
§ 4B1.2(a).

Edwards pleaded guilty to attempted burglary in violation
of Nevada law. *See* Nev. Rev. Stat. § 205.060.  Edwards
argued that his conviction was not for a crime of violence
because attempted burglary does not create a risk of injury.
The district court looked beyond the elements of the Nevada

offense to the judicially noticeable charging document and guilty plea in reaching its conclusion that Edwards's actual conduct was the attempted burglary of an occupied apartment, which created a risk of physical injury and was therefore a crime of violence pursuant to U.S.S.G. § 4B1.2(a).

Under our law prior to the Supreme Court's recent decision in *Descamps*, we would have affirmed this conclusion, as the attempted burglary of an occupied apartment presents a risk of face-to-face confrontation between the burglar and the potential victim, a bystander, or a police officer that may come to investigate. *See United States v. Park*, 649 F.3d 1175, 1179 (9th Cir. 2011); *see also United States v. Terrell*, 593 F.3d 1084, 1093–94 (9th Cir. 2010); *United States v. Mayer*, 560 F.3d 948, 961 (9th Cir. 2009).

But *Descamps* has now limited the use of the modified categorical approach. It is appropriate to look to judicially noticeable documents only where the state statute at issue is divisible, that is when it has multiple, alternative elements, and the court is attempting to determine the set of elements to which the defendant pleaded guilty. *Descamps*, 133 S. Ct. at 2285. The government concedes in a supplemental brief addressing *Descamps*, however, that for the purposes of this case the Nevada attempted burglary statute is not a divisible statute and that the modified categorical approach is therefore inapplicable. The government has further never contended in this litigation that the burglary statute is categorically a crime of violence. We must therefore vacate Edwards's sentence and remand for resentencing without the "crime of violence" enhancement.

**CONCLUSION**

We find no error with respect to the district court's calculation of Edwards's criminal history, but we nevertheless **VACATE** the sentence and **REMAND** the matter for resentencing without any enhancement to the offense level for a prior "crime of violence" conviction.