# IN THE SUPREME COURT, STATE OF WYOMING

# 2014 WY 151

OCTOBER TERM, A.D. 2014

November 26, 2014

CHRISTOPHER RAY COUNTS,

Appellant
(Defendant),

v.                                                                      S-14-0131

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
The Honorable Catherine E. Wilking, Judge

*Representing Appellant:*
     W. Keith Goody, Cougar, Washington.

*Representing Appellee:*
     Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy
     Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Hollis Ann
     Ploen, Student Intern.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third.
Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building,
Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made
before final publication in the permanent volume.**

**KITE, Justice.**

[¶1]  After a jury found Christopher Ray Counts guilty of aggravated burglary and kidnapping and found him to be a habitual criminal, the district court sentenced him to two concurrent life sentences.  Mr. Counts appealed and this Court affirmed the conviction.  *Counts v. State*, 2012 WY 70, 277 P.3d 94 (Wyo. 2012) (*Counts I*).  Mr. Counts later filed a motion to correct an illegal sentence[1] on the ground that one of the convictions relied upon for the habitual criminal determination and the life sentences occurred when he was only sixteen years old.  He asserted consideration of that offense to impose a life sentence is unconstitutional under *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).  We affirm.

## ISSUES

[¶2]  Mr. Counts states the issue for our determination as:

> Did the district court err when it denied [the] motion to correct illegal and unconstitutional sentence pursuant to Rule 35(a) W.R.Cr.P.?

We summarize the State's lengthy statement of the issues as follows:

> I.      Whether the Court should summarily affirm the district court's order because Mr. Counts' brief does not comply with the requirements of W.R.A.P. 7.01.

> II.      Whether the district court violated the Eighth Amendment of the United States Constitution when it considered Mr. Counts' juvenile conviction as one of the three convictions necessary to enhance his sentence to life in prison under the habitual offender statute.

> III.      Whether this Court should apply the amended habitual criminal statute retroactively to Mr. Counts' sentence.

## FACTS

---

[1] After this Court's decision in *Counts I* and before the motion to correct illegal sentence, Mr. Counts also filed a petition for post-conviction relief claiming his trial counsel was ineffective.  The district court denied the petition and Mr. Counts filed a petition for writ of review with this Court.  We granted the petition, reversed the district court's order and remanded for consideration of the matter in light of Wyo. Stat. Ann. § 7-14-102(b) (LexisNexis 2013) and to address Mr. Count's request for additional time to investigate and file an amended petition.  The matter is pending.

[¶3]   A jury found Mr. Counts guilty of aggravated burglary and kidnapping in 2011. The jury also found him to be a habitual criminal pursuant to Wyo. Stat. Ann. § 6-10-201 (LexisNexis 2009) based upon evidence that he had three prior felony convictions.  One of those convictions was for burglary committed when Mr. Counts was sixteen years old. At the time of Mr. Counts' trial, the habitual criminal statute provided:

### § 6-10-201. "Habitual criminal" defined; penalties.

    (a) A person is an habitual criminal if:
        (i) He is convicted of a violent felony; and
        (ii) He has been convicted of a felony on two (2) or more previous charges separately brought and tried which arose out of separate occurrences in this state or elsewhere.
    (b) An habitual criminal shall be punished by imprisonment for:
        (i) Not less than ten (10) years nor more than fifty (50) years, if he has two (2) previous convictions;
        (ii) <u>Life, if he has three (3) or more previous convictions</u>.

(Emphasis added.)  Because Mr. Counts had three previous convictions, the district court sentenced him to concurrent life sentences for the aggravated burglary and kidnapping convictions as required by § 6-10-201(b)(ii).  On direct appeal, this Court affirmed his convictions and sentences on May 22, 2012.  *Counts I.*

[¶4]   Just over a year later, the United States Supreme Court decided *Miller*, 567 U.S. ___, 132 S. Ct. at 2469, in which it held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."   A few months later, it issued *Bear Cloud v. Wyoming*, __ U.S. ___, 133 S. Ct. 183, 184 L. Ed. 2d 5 (2012), in which it vacated our decision in *Bear Cloud v. State*, 2012 WY 16, 275 P.3d 377 (Wyo. 2012) (*Bear Cloud I*), and remanded the case to this Court for further consideration in light of *Miller*, 567 U.S. ___, 132 S. Ct. 2455. Ultimately, this Court applied *Miller* in *Bear Cloud v. State*, 2014 WY 113, ¶ 33, 334 P.3d 132, 141-42 (Wyo. 2014) (*Bear Cloud III*) to hold that in cases involving juvenile offenders facing the functional equivalent of a sentence of life without parole an individualized sentencing hearing is required and the sentencing court must consider the mitigating characteristics of youth.

[¶5]  Meanwhile, in 2013, the legislature amended § 6-10-201(b)(ii) as follows:

    (b)  An habitual criminal shall be punished by imprisonment for:
      . . . .

> (ii) Life, if he has three (3) or more previous convictions for offenses committed after the person reached the age of eighteen (18) years of age.

(Emphasis added.) The effective date of the amendment was July 1, 2013.

[¶6] In November of 2013, Mr. Counts filed his motion to correct an illegal sentence. He argued that his sentence was unconstitutional because *Miller* forbids mandatory life sentences for juvenile offenders without consideration of the mitigating factors of youth. He asserted the mandatory life sentences imposed on him as a result of an offense he committed as a juvenile violated *Miller*. Mr. Counts argued the legislature recognized the unconstitutionality of the statute when it amended the habitual criminal statute to preclude consideration of juvenile offenses for purposes of life sentences.

[¶7] The district court denied the motion, concluding that *Miller* does not affect sentencing enhancements applied to adults based on habitual behavior even if one of the previous convictions relied upon in enhancing the sentence was committed when the defendant was a juvenile. Mr. Counts appealed the district court order.

## STANDARD OF REVIEW

[¶8] This Court reviews *de novo* the question of whether a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Sen v. State*, 2013 WY 47, ¶ 43, 301 P.3d 106, 122 (Wyo. 2013). The question of whether a statute applies retroactively is a question of law and is also reviewed *de novo*. *Mullinax Concrete Serv. Co. v. Zowada*, 2012 WY 55, ¶ 5, 275 P.3d 474, 476 (Wyo. 2012).

## DISCUSSION

[¶9] We consider first the State's contention that Mr. Counts' brief is so lacking in compliance with W.R.A.P. 7.01 that we should not address his claims and should summarily affirm the district court's order. This Court has on occasion summarily affirmed a district court order when an appellant has failed to comply with the appellate rule. *See, for example, Kelly v. Watson*, 2003 WY 127, ¶ 4, 77 P.3d 691, 692 (Wyo. 2003); *MTM v. State*, 2001 WY 61, ¶ 9, 26 P.3d 1035, 1037 (Wyo. 2001). In other cases, we have addressed the issues raised despite the lack of compliance. *Burns v. State*, 2011 WY 5, ¶ 7, 246 P.3d 283, 285 (Wyo. 2011); *LS v. State*, 2006 WY 130, ¶ 10, n.2, 143 P.3d 918, 924 (Wyo. 2006).

[¶10] In the present case, the State is correct that Mr. Counts' brief is substandard. It contains no statement of facts, does not identify the applicable standard of review and is missing citations to legal authority and the record. The argument contained in the brief is bare bones at best. Despite these deficiencies, however, the issue Mr. Counts asks this

3

Court to review is clear, and a decision by this Court is important because it will determine whether Mr. Counts' sentences to life in prison are sustainable. Under these circumstances, we decline to summarily affirm the district court's order.

[¶11] W.R.Cr.P. 35(a) allows a court to correct an illegal sentence at any time. "An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates the constitution or the law." *Simmons v. State*, 2009 WY 68, ¶ 10, 208 P.3d 1315, 1317 (Wyo. 2009); *Brown v. State*, 2004 WY 119, ¶ 7, 99 P.3d 489, 491 (Wyo. 2004). Whether a sentence is illegal is determined by interpreting the applicable statute or constitutional provision. *Brown*, ¶ 7, 99 P.3d at 491. The sentence at issue here is life imprisonment imposed pursuant to § 6-10-201 as it existed prior to the 2013 amendment. As he did in district court, Mr. Counts contends the sentence violates the Eighth Amendment prohibition against cruel and unusual punishment because, contrary to the U.S. Supreme Court's holding in *Miller*, it was mandatory and did not allow for consideration of the mitigating factors of youth associated with the predicate juvenile conviction.

[¶12] The State responds that the mandatory life sentences imposed upon Mr. Counts resulted from the violent felony offenses he committed as an adult. The State contends *Miller* does not apply to sentence enhancements affecting adult offenders based upon their criminal history. Because the habitual criminal statute enhances punishment for the current crimes committed as an adult, and not prior crimes, the State asserts the *Miller* rationale simply is not pertinent.

[¶13] To reiterate, *Miller* held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." *Miller*, 567 U.S. ___, 132 S. Ct. at 2469. In reaching this result, the Court relied on the foundational principle that formed the basis for two earlier decisions: "imposition of a State's most severe penalties on juvenile offenders cannot proceed as though they were not children." *Id.* at 2466, citing *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005) and *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). Again citing *Graham*, the Court in *Miller* said that imposing a sentence of life without the possibility of parole—the lengthiest possible incarceration—"'is an especially harsh punishment for a juvenile,' because he will almost inevitably serve 'more years and a greater percentage of his life in prison than an adult offender.' The penalty when imposed on a teenager, as compared with an older person, is therefore 'the same in name only.'" *Miller*, 567 U.S. ___, 132 S. Ct. at 2466 (citations omitted). For these reasons, the *Miller* court said a sentencing court must consider the particular facts "before depriving a [teenager] of any prospect of release from prison." *Id.* at 2469.

[¶14] The focus of *Miller* was on sentences of life without the possibility of parole for offenders under the age of eighteen. Under *Miller*, before sentencing a juvenile to life in prison without the opportunity for parole a sentencing court must consider the mitigating

4

factors of youth. *Miller* did not address adult sentences nor did it address habitual criminal statutes. We conclude that the *Miller* holding does not extend to adult sentences enhanced to life imprisonment based upon habitual criminal status.

[¶15] We have found only two other cases addressing the precise issue before us.[2] The courts in those cases reached the same conclusion we have reached. In *U.S. v. Hoffman*, 710 F.3d 1228 (11th Cir. 2013), the defendant was convicted as an adult of charges relating to drug trafficking. He had two prior felony convictions for drug offenses committed as a juvenile. For the adult convictions, he was sentenced to concurrent terms of life in prison based upon a federal statute providing that two prior felony drug convictions raise the mandatory minimum punishment for a third felony drug offense to life imprisonment. On appeal, Hoffman challenged the use of the juvenile convictions to enhance his adult sentence. The Court considered whether *Miller* applied to preclude use of the juvenile convictions for enhancement purposes and concluded,

> *Miller* is inapposite because it involved a juvenile offender facing punishment for a crime committed when he was a juvenile, and thus it focused on the reasons why it would be cruel and unusual for a juvenile to face a mandatory life sentence. Nothing in *Miller* suggests that an adult offender who has committed prior crimes as a juvenile should not receive a mandatory life sentence as an adult, after committing a further crime as an adult.

*Id*. at 1234.

[¶16] Similarly, in *State v. Lawson*, 90 A.3d 1 (Pa. 2014), the court declined to apply *Miller* to an adult offender who under a recidivist statute received a mandatory sentence of life without the possibility of parole based in part on a prior conviction for an offense he committed as a juvenile. In *Lawson*, the defendant argued that imposing the mandatory sentence required by the recidivist statute by using a prior juvenile conviction as a predicate offense violated *Miller*'s requirement that a sentencing court consider the mitigating qualities of youth and individual circumstances of the juvenile conduct before imposing a life sentence without the possibility of parole. The Court rejected the argument, concluding "*Miller* only addressed individuals who were juveniles when they committed the crime on which the current conviction is based." *Lawson*, 90 A.3d at 6.

---

[2] The State cites *U.S. v. Hoffman*, 710 F.3d 1228 (11th Cir. 2013); *U.S. v. Orona*, 724 F.3d 1297 (10th Cir. 2013); *U.S. v. Hunter,* 735 F.3d 172 (4th Cir. 2013); and *U.S. v. Edwards*, 734 F.3d 850 (9th Circ. 2013) in support of its argument. Only *Hoffman* involved a life sentence. Although the courts in the other three cases held that *Miller* did not apply to sentences imposed on adults for adult offenses, none of them involved a sentence of life without the possibility of parole. For that reason, we do not find them to be controlling authority on the issue before us.

[¶17]   Under recidivist sentencing schemes, the enhanced punishment imposed for a current offense is not an additional penalty for earlier crimes but a stiffened penalty for the latest crime. *Riggs v. California*, 525 U.S. 1114, 1115-1116, 119 S. Ct. 890, 142 L. Ed. 2d 789 (1999). "A habitual criminal statute does not punish a defendant for his previous offenses but for his persistence in crime." *Urbigkit v. State*, 2003 WY 57, ¶ 56, 67 P.3d 1207, 1227 (Wyo. 2003), quoting *Kearns v. State*, 2002 WY 97, ¶ 24, 48 P.3d 1090, 1097-98 (Wyo. 2002).  Given this distinction, the district court did not sentence Mr. Counts to life imprisonment for his juvenile conviction; rather, it enhanced his punishment for his convictions for the crimes he committed as an adult.

[¶18]   The sentencing scheme at issue here did not mandate a life sentence for a juvenile. Mr. Counts was not a juvenile at the time he was sentenced.  The mitigating factors of youth were simply not an issue when he was sentenced.  Because kidnapping and aggravated burglary are violent felonies and Mr. Counts had twice previously been convicted on felony charges, the jury appropriately found  he was a habitual criminal. Because Mr. Counts had three or more previous convictions, the district court was required to sentence him on these offenses to life in prison.  He was not sentenced to life in prison for his juvenile offense.  He was sentenced to life in prison for committing a fourth felony, and this time a violent one.  It was the violence associated with the current felony that placed him within the parameters of the habitual criminal statute.

[¶19]   Mr. Counts urges this Court to apply the 2013 amendment to § 6-10-201 retroactively so as to require resentencing without consideration of his juvenile conviction.  Wyoming courts have long followed the rule that retrospective application of a statute to events occurring before its enactment is not favored. *Mullinax*, ¶ 6, 275 P.3d at 476, citing *Johnson v. Safeway Stores, Inc.*, 568 P.2d 908, 914 (Wyo.1977).  The legislature likewise has provided for prospective application of statutes and amendments. Wyo. Stat. Ann. § 8-1-107 (LexisNexis 2013) provides that an amendment to a statute does not affect pending civil or criminal proceedings unless expressly stated otherwise.

[¶20]   The amendment to § 6-10-201 does not state that it is to be applied retroactively. Instead, the amendment provided for an effective date of July 2013, meaning the legislature intended it to apply after that date.  Under the general rule disfavoring retroactive application absent an express statement to the contrary, the amended version of § 6-10-201 does not apply to Mr. Counts' sentence.

[¶21]   Mr. Counts argues that there are exceptions to the rule against retroactive application of statutory amendments.  Citing *Aden v. State*, 761 P.2d 88, 90 (Wyo. 1988), he asserts one such exception applies when a statute or amendment relates to procedure. In *Aden*, the amendment at issue set forth procedures for district courts to follow in determining whether to appoint an attorney to represent a defendant in a post-conviction relief proceeding.  The Court concluded the amendment was procedural in tenor; therefore, on remand the district court must apply the amendment.

[¶22] The fixing of prison terms for specific crimes involves a substantive penalogical judgment. *Bear Cloud I*, ¶ 64, 275 P.3d at 403, citing *Harmelin v. Michigan*, 501 U.S. 957, 998, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J. concurring in part and concurring in the judgment). Because the sentencing scheme found in § 6-10-201 is substantive, the exception recognized in *Aden* for procedural amendments does not apply.

[¶23] Mr. Counts asserts the Court in *Aden* also recognized an exception to the rule against retroactive application of statutes in situations where applying the statute prospectively only results in manifest injustice. He contends applying the former version of § 6-10-201 to him results in manifest injustice. Mr. Counts misunderstands the rule stated in *Aden*. The Court said: "The general rule is that a reviewing court will apply the law in effect at the time of its decision unless that approach results in manifest injustice or there is statutory direction or legislative history to the contrary." In support of this rule, the Court cited *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S. Ct. 2006, 40 L. Ed. 2d 476 (1974).

[¶24] *Bradley* was a class action suit brought against a school board to desegregate the schools. After the case was submitted to the appellate court, but before a decision was issued, Congress passed a law granting federal courts the authority to award reasonable attorney fees in school desegregation cases. The appellate court refused to retroactively apply the law to allow fees. The Supreme Court reversed, holding that a fee award was proper because the law took effect at the time the issue was on direct appeal to the appellate court, before a final judgment. *Bradley* 416 U.S. at 711. Similarly, in *Aden*, the statute at issue was amended while the case was on direct appeal to this Court. The Court concluded the district court had not complied with the old version of the statute and remanded the case but, in accord with *Bradley*, directed the district court to apply the amended statute—the statute in effect at the time of its decision.

[¶25] The significant distinction in *Bradley* and *Aden* is that those cases were on direct appeal. There had been no final disposition. Therefore, the new law was applied in reaching a final disposition. Here, final disposition occurred when Mr. Count's appeal was decided. *Engberg v. Meyer*, 820 P.2d 70, 76 (Wyo. 1991) ("When appeal has been exhausted, we hold the case to have been 'finally decided.'") The law in effect at the time Mr. Counts' case was finally decided required imposition of life sentences for the crimes Mr. Counts committed.

[¶26] Additionally, the discussion in *Bradley* about "manifest injustice" concerned whether it would be unjust to apply new law in a pending case that began before the new law took effect. For various reasons, the Court determined that applying the new statute and allowing attorney fees as part of final disposition of the case would not result in manifest injustice. *Bradley* did not address manifest injustice in the context of applying an amended statute retroactively to a case that was finally decided before the amendment.

7

*Aden*, which relied on *Bradley*, does not support applying a statute retroactively to a case that was finally decided before the statute took effect.

[¶27] We affirm the district court's order denying Mr. Counts' motion to correct an illegal sentence.